UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| ERIN KREMER<br><br>    Plaintiff,<br><br>v.<br><br>NAMDAR REALTY GROUP, LLC,<br>DIVERSIFIED COMMERCIAL<br>SERVICES, LLC,<br>DUSTY'S LAWN CARE, et. al<br><br>    Defendants. | Civil Action No.: 2:25-cv-048-DCR<br><br><br><br>Removed from:<br>Boone Circuit Court, Division 3<br>Case No. 25-CI-00055 |

**DEFENDANT'S NOTICE OF REMOVAL**
**PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

Defendant, Diversified Commercial Services, LLC ("DCS" or "Defendant"), hereby removes the above-referenced action filed by Plaintiff, Erin Kremer ("Kremer"), from the Boone County Circuit Court, Commonwealth of Kentucky, to the United States District Court for the Eastern District of Kentucky (Northern Division at Covington) pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Pursuant to 28 U.S.C. § 1446(a), DCS sets forth the following "short and plain statement of the grounds for removal."[1]

**PLEADINGS AND PROCEEDINGS TO DATE**

On January 14, 2025, Plaintiff filed his lawsuit in the Boone County Circuit Court, Commonwealth of Kentucky, captioned *Erin Kremer v. Namdar Realty Group, LLC, Diversified*

---

[1] As stated by the United States Supreme Court, in borrowing the familiar "short and plain statement" standard from Fed. R. Civ. P. 8(a), Congress intended to "simplify the 'pleading' requirements for removal" and clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R.Rep. No. 100–889, p. 71 (1988)).

*Commercial Services, LLC, Dusty's Lawn Care, and Dusty Jones, Individually and as Owner/Operator of Dusty's Lawn Care;* Case No. 25-CI-00055 (the "State Court Action").[2] The State Court Action alleges that the Plaintiff has separate causes of action against the Defendants arising out of the same facts and circumstances.

The Plaintiff's complaint alleges that she suffered serious injuries as a result of a fall at the Florence Mall on January 20, 2024, caused by the joint and several negligence of each of the Defendants. **Ex. A**, *Plaintiff's Complaint, Paragraph 10.*

The Plaintiff's complaint alleges that she suffered serious injuries due to each of the Defendants' breach of its duty to maintain the Florence Mall in a safe condition clear from snow and hidden ice. **Ex. A**, *Plaintiff's Complaint, Paragraph 7.*

The Plaintiff's Complaint filed in the State Court Action does not identify a specific amount in controversy. *See generally* **Ex. A,** *Plaintiff's Complaint.*

## DIVERSITY JURISDICTION

**Standard for Removal under 28 U.S.C. § 1332(a).**

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction of all civil actions where (1) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and (2) is between citizens of different States.

**Removal is Proper Because Diversity Jurisdiction Exists.**

*This Action is Between Citizens of Different States.*

Defendant DCS is a limited liability company organized under the laws of the State of North Carolina. For purposes of establishing diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of all its members. As of the date this action commenced and as of

---

[2] A copy of all process, pleadings, orders, and other papers served on Diversified Commercial Services, LLC, as of March 28, 2025, are attached as ***Exhibit A***. *See* 28 U.S.C. § 1446(a).

the date of filing this Notice of Removal, each member of DCS is a citizen of North Carolina. Therefore, DCS is a citizen of North Carolina for purposes of diversity jurisdiction.

Defendant Dusty's Lawn Care is a limited liability company organized under the laws of the State of Mississippi. For purposes of establishing diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of all its members. As of the date this action commenced and as of the date of filing this Notice of Removal and based upon the undersigned counsel's communications with Dusty's Lawn Care's counsel, no members of Dusty's Lawn Care are citizens of Kentucky. Therefore, Dusty's Lawn Care is a not a citizen of Kentucky for purposes of diversity jurisdiction.

Defendant Namdar Realty Group, LLC is a limited liability company organized under the laws of the State of New York. For purposes of establishing diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of all its members. As of the date this action commenced and based upon the undersigned counsel's communications with Namdar Realty Group LLC's counsel, no members of Namdar Realty Group LLC are citizens of Kentucky. Therefore, Namdar Realty Group, LLC is not a citizen of Kentucky for purposes of diversity jurisdiction.

Defendant Dusty Jones, at all relevant times, including at the time the State Court Action was filed and the time this Notice of Removal is being filed with this Court, was and is believed to be a citizen of the State of Mississippi.

Plaintiff, at all relevant times, including at the time the State Court Action was filed and the time this Notice of Removal is being filed with this Court, was and is believed to be a citizen of the Commonwealth of Kentucky, residing in Boone County, Commonwealth of Kentucky.

Based on the foregoing, and as required by 28 U.S.C. § 1332(a), there is complete diversity of citizenship between Plaintiff and Defendants.

**Removal is Proper Because the Amount in Controversy Exceeds $75,000.00**

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction of all civil actions where (1) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and (2) is between citizens of different States. Upon information and belief, the amount in controversy exceeds $75,000.

## TIMELINESS OF REMOVAL

If a federal district court would have jurisdiction over a case based upon the information contained in the initial pleading, the defendant may file a notice of removal within thirty days after receiving service of the initial pleading. 28 U.S.C. § 1446(b)(1). However, if removability is not clear on the face of the initial pleading, a defendant may file notice of removal within thirty days after receiving a "paper" upon which it may be first be determined that the case is one which is removable. 28 U.S.C. § 1446(b)(3).

For purposes of establishing removability based upon diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of all of its members. The citizenship of this case's defendant LLCs was not clear based upon the information contained in the plaintiff's initial pleading. Thus, the Court must identify when the thirty-day period for removal began in this case. The thirty-day period for removal begins to run when the initial pleading or a subsequent paper first provides "solid and unambiguous information that the case is removable." Berera v. Mesa Med. Grp., PLLC, 779 F.3d 352, 364 (6th Cir. 2015).

In the plaintiff's complaint, the defendants include limited liability companies. The plaintiff's complaint pleaded that each defendant is a foreign limited liability company, but the complaint did not contain any assertions regarding the citizenship of the member(s) of the defendant LLCs. Neither the plaintiff's complaint nor any publicly available information allowed DCS to readily determine the citizenship of each member of the other defendant LLCs. Therefore, no "solid and unambiguous information" that the case was removable existed when DCS was served with the Plaintiff's complaint on January 30, 2025. Id. See **Ex. B, DCS Proof of Service**.

The thirty-day period for removal in this case began to run when DCS received a paper upon which it could be determined that the case was removable. § 1446(b)(3). On March 27, 2025, undersigned counsel received written notice from both Dusty's Lawn Care and Namdar Realty Group, LLC, that no members of either LLC were citizens of Kentucky. According to the Sixth Circuit Court of Appeals, a post-complaint letter identifying the citizenship of an LLC's member(s) can be considered an "other paper" which begins the thirty-day diversity jurisdiction removal period contained in 28 U.S.C. § 1446(b). Mesa Med. Grp., PLLC, 779 F.3d 532, 364 (6th Cir. 2015). Therefore, the thirty-day period for removal begins to run on March 27, 2025, when DCS first received "solid and unambiguous information that the case is removable" via written confirmation from the LLC defendants that complete diversity of citizenship among the parties existed. As such, removal in this case is timely.

## STATEMENT OF CONSENT TO REMOVAL

Pursuant to 28 U.S.C. § 1446(b)(2)(A), all properly joined and served defendants must consent to removal. Through counsel, Namdar Realty Group, LLC, Dusty's Lawn Care, and Dusty Jones, individually, have all consented to the removal of this action to federal court. Specifically, each above-named co-defendant provided written consent for removal on March 27, 2025. Therefore, all properly served and joined defendants' consent to the removal of this case as required by law.

## VENUE

Venue lies in the United States District Court for the Eastern District of Kentucky (Northern Division at Covington) pursuant to 28 U.S.C. § 1441(a). The State Court Action was filed in the Boone County Circuit Court, Commonwealth of Kentucky, which is located within the Eastern District of Kentucky (Northern Division at Covington).

## NOTICE OF REMOVAL

A true and correct copy of this Notice of Removal will be served on upon the Plaintiff and filed with the Clerk of Boone County Circuit Court, Commonwealth of Kentucky, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, Diversified Commercial Services, LLC, prays that the above action pending before the Boone County Circuit Court, Commonwealth of Kentucky, Case No. 25-CI-00055, be removed to the United States District Court for the Eastern District of Kentucky (Northern Division at Covington) pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: March 28, 2025.

Respectfully submitted,

/s/ Ryan M. Quinton
Charles H. Cassis
Ryan M. Quinton
Goldberg Simpson, LLC
Norton Commons
9301 Dayflower Street
Prospect, Kentucky 40059
ccassis@goldbergsimpson.com
rquinton@goldbergsimpson.com
*Counsel for Defendant, Diversified Commercial Services, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on this 28th day of March, 2025, I electronically filed this document through the eFiling system, and served through electronic mail and/or regular U.S. Mail, postage prepaid, upon the following:

Robert Blau
Blau & Kriege, PLLC
3699 Alexandria Pike
Cold Spring, KY 41076
blau.kriege@gmail.com
*Counsel for Plaintiff*

Jeffrey Mando
Madeline S. Blesi
Adams Law PLLC
40 West Pike Street
Covington, KY 41011
jmando@adamsattorneys.com
mblesi@adamsattorneys.com
*Attorneys for the Defendants, Dusty's Lawn Care and Dusty Jones, individually and as owner/operator of Dusty's Lawn Care*

Brandon N. Voelker
Gatlin Voelker, PLLC
50 East Rivercenter Blvd., Suite 1275
Covington, KY 41001
bvoelker@gatlinvoelker.com
*Co-Counsel for Defendant Diversified Commercial Services, LLC*

Namdar Realty Group, LLC
c/o Joseph Loloi, Esq.
General Counsel
150 Great Neck Road, Suite 304
Great Neck, NY 11021
joseph@namdarllc.com
*General Counsel for Namdar Realty Group, LLC*

                          /s/ Ryan M. Quinton
                          *Counsel for Defendant, Diversified Commercial Services*